FILED

2004 APR 14 P 4: 11

DISTRICT COURT
HARTFORD CT

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMA WATTS, ADMINISTRATRIX OF<br>THE ESTATE OF AQUAN SALMON | : | CIVIL ACTION NO.<br>3:00CV0681 (DJS) |
| VS. | : | |
| CITY OF HARTFORD; POLICE<br>DEPARTMENT OF THE CITY OF<br>HARTFORD; JOSEPH F. CROUGHWELL,<br>Individually and in his Official Capacity as<br>Chief of Police of the City of Hartford;<br>OFFICER ROBERT C. ALLAN,<br>Individually and in his Official Capacity<br>As a Hartford Police Officer | : | APRIL 14, 2004 |

## MOTION FOR RECONSIDERATION

The Plaintiff respectfully moves, pursuant to Connecticut District Court Rule 9(e), that the Court reconsider its Ruling and Order ("Ruling") dated March 31, 2004 granting Defendants' Motion for Summary Judgment as to Counts Two, Three and Eight and of the Third Amended Complaint. ("Complaint.") In support of this motion, the Plaintiff respectfully represents that the Court in its Ruling overlooked several matters critical to the Plaintiff's claims against the City of Hartford and Chief Joseph Croughwell regarding their unconstitutional failure to supervise and discipline Hartford Police Department ("HPD") officers generally, and more specifically, Robert Allan, in

the use of <u>excessive force</u>.[1] The Court, therefore, on the critical issue of whether Plaintiff provided evidence, as she must, that the <u>repeated</u> "failure to discipline other officers was closely related to and actually caused Allan's shooting [of Salmon]," stated that Plaintiff "offers no such allegation or evidence." (Ruling at 12).

We respectfully disagree with the Court. In paragraphs 33 and 35 of the Third Amended Complaint we allege specifically that the City's failure properly "to sanction or discipline police officers" for violating the constitutional rights of citizens constituted a custom or policy "encouraging said officers, including Defendant Allan, to continue to engage in unlawful conduct." As to the evidence to support this allegation, we demonstrate in the attached Memorandum in Support of Reconsideration that the Court overlooked critical evidence of a long history of the use of excessive force by HPD, especially against minorities, and a landmark decision by the City as a result of a lawsuit filed in this court to enter into a Consent Decree in 1973[2], which required,

---

[1] We note here that the Court and Defendants in addressing the failure to supervise issue direct their attention to the use of deadly force, while the crux of our claim is that the Defendants' failure to discipline HPD officers in the use of **excessive force** gives rise to the Monell counts. Thus, for example, the failure to discipline Officer Allan for putting a gun to the head of a citizen for a motor vehicle stop, while not involving the use of deadly force, did involve the use of excessive force that would lead him to conclude that he could with impunity use his gun, whether called for or not.

[2] See <u>Cintron v. Vaughn</u>, Docket No. 369 CV 13578, which arose out of the shootings of four minorities by HPD officers in 1969, and which culminated in the 1973 Consent Decree that is presently pending before Special Master Richard Bieder as a result of the shooting in this case. The history of the <u>Cintron v. Vaughn</u> Consent Decree is addressed in more detail in Plaintiff's Response to Defendant's Opposition