UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMA WATTS, In her Individual | : | CIVIL ACTION NO. |
| Capacity and as Administratrix of | : | 3:00CV0681 (RNC) |
| the Estate of AQUAN SALMON | : | |
| | : | |
| V. | : | |
| | : | |
| CITY OF HARTFORD; POLICE | : | |
| DEPARTMENT OF THE CITY OF | : | |
| HARTFORD; JOSEPH F. | : | |
| CROUGHWELL, Individually and | : | |
| in his Official Capacity as Chief of Police | : | |
| of the City of Hartford; | : | |
| OFFICER ROBERT C. ALLAN, | : | |
| Individually and in his Official Capacity | : | |
| as a Hartford Police Officer | : | MAY 5, 2004 |

**JOINT TRIAL MEMORANDUM**[1]

**1)**    **TRIAL COUNSEL**:

    **For Plaintiff:**

    Attorney Nicholas P. Cardwell, of Cardwell, Cardwell & Smoragiewicz, 108 Oak
    Street, Hartford, CT 06106, (860) 278-6370, Fax (860) 527-0838

    Attorney Joseph A. Moniz, 100 Allyn Street, Hartford, CT 06103, (860) 278-0200

---

[1]  The Court has before it Plaintiff's Motion for Reconsideration of its ruling on Defendants' Motion for Summary Judgment as to the Monell counts.  Should the Court grant Plaintiff's motion, the Joint Trial Memorandum would be revised in a manner that is substantially similar to that which was submitted in December, 2002.  Based on the Court's Ruling and Order, Robert C. Allan is the only remaining defendant.

**For Defendant:**

Attorney James J. Szerejko, Halloran & Sage, One Goodwin Square,
225 Asylum Street, Hartford, CT 06103, (860) 522-6103, Fax (860) 548-0006.

Attorney Eric P. Daigle, Halloran & Sage, One Goodwin Square,
225 Asylum Street, Hartford, CT 06103, (860) 522-6103, Fax (860) 548-0006.

**2)     JURISDICTION:**

Jurisdiction is based on 28 U.S.C. §§1331 and §1343 with supplemental

jurisdiction based on 28 U.S.C. §1367 with respect to claims arising under state law.

**3)     JURY - NON- JURY:**

This case will be tried to a jury.

**4)     LENGTH OF TRIAL:**

Evidence will take approximately 8-10 days.

**5)     FURTHER PROCEEDINGS:**

The Court has granted the defendants' Motion to Bifurcate the issue of punitive

damages.

The plaintiff intends to file Motions In Limine regarding the admission of certain

evidence.

The defendant intends to file Motions In Limine regarding the admission of

certain evidence.

The plaintiff has filed a Motion for Reconsideration of this Court's Ruling and Order, granting defendant's Motion for Summary Judgment.  Defendant intends to file a Memorandum of Law in Opposition to said Motion on or before May 19, 2004.

**6)     NATURE OF CASE:**

**PLAINTIFF:**

Plaintiff's Third Amended Complaint is in five counts.  The first count is a federal cause of action and the remaining four counts are state causes of action.

The defendant, Hartford Police Office Robert C. Allan, shot and killed plaintiff's decedent, Aquan Salmon, on April 13, 1999.  The defendant was 14 years old.  The plaintiff, Norma Watts, was appointed Administratrix of the Estate of Aquan Salmon on April 28, 1999.  A timely notice of claim and intent to sue was filed with the City of Hartford pursuant to the Connecticut General Statutes relative to the state causes of action.

Count One alleges that Officer Allan, in shooting and killing Aquan Salmon, used excessive, unreasonable and unnecessary force in violation of the decedent's rights, privileges and immunities secured under the Fourth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.

- 3 -

Count Two alleges that the acts of Officer Allan were extreme and outrageous and constituted an intentional infliction of emotional distress.  Count Two further alleges that said acts caused Aquan Salmon to suffer great pain, agony, fear of imminent death and severe emotional distress.

Count Three alleges that the acts of Officer Allan constituted a negligent infliction of emotional distress and further alleges that said acts caused Aquan Salmon to suffer severe emotional distress.

Count Four is a cause of action for wrongful death claiming just damages pursuant to Connecticut General Statutes § 52-555.

Count Five alleges that Officer Allan's conduct, acts or omissions constituted negligence in that Officer Allan failed to follow Hartford Police Department Policies and Procedures, police tactics taught to him, and training received by him, causing him to wrongfully shoot the decedent, Aquan Salmon.

The Plaintiff's claim is that Officer Allan violated Aquan Salmon's constitutional rights by failing to follow known police procedures in leaving his vehicle and chasing several youths into a vacant lot, without waiting for backup assistance, and then shooting an unarmed fourteen year old boy in the back.

**DEFENDANT:**

At approximately 2:00 a.m. on April 13, 1999, the Hartford Police Department received several complaints of three or four young black males committing robberies and assaults while brandishing firearms.   The suspects were identified as driving a white Cadillac, bearing Connecticut Registration 397-KRZ.   Hartford Police Dispatch communicated this information to the patrol units in the area.

At approximately 2:09 a.m., Officer Robert Allan observed a white Cadillac bearing Connecticut Registration 397-KRZ with four black male occupants traveling south on Enfield Street.  After communicating to Dispatch that he had located the vehicle, Officer Allan followed the suspect vehicle while it continued traveling south on Enfield Street, to the intersection of Greenfield Street.  After the Cadillac traveled past the intersection of Greenfield Street, one of its occupants looked back and appeared to notice Officer Allan's presence.  Officer Allan activated his overhead lights and sirens and followed the white Cadillac into the lot at 25 Enfield Street.

As Officer Allan followed the white Cadillac into the lot at 25 Enfield Street, the driver [later identified as Ellis Thomas] "bailed out" of the moving Cadillac.  The driver of the Cadillac fled on foot in a southwesterly direction while Officer Allan continued driving his vehicle until he could not drive any further.  As the suspect fled, Officer Allan

- 5 -

observed a gun in his hand.  Officer Allan yelled verbal commands identifying himself as a police officer and ordered the suspect to stop or he would shoot.

As Thomas continued to run toward and then attempt to climb a chain link fence, Officer Allan heard a gunshot from the direction of the Cadillac.   Officer Allan could not see the remaining occupants as his view of the Cadillac was obstructed by a tree.   As Officer Allan continued to shout verbal commands to the first suspect, he heard a second person running towards him from the location of the white Cadillac.  Officer Allan illuminated the second suspect [Aquan Salmon] with his flashlight and yelled "police, freeze or I'll shoot."   Salmon was wearing dark pants and a green jacket and was positioned such that Officer Allan was prevented from seeing his right side. Salmon failed to comply with Officer Allan's verbal commands and continued to run toward and past Officer Allan in the direction of the chain link fence.  As Salmon continued to run toward the fence, and when he was approximately ten (10) feet from Officer Allan, Salmon raised his right hand from his belt line across his body from right to left in an upward motion towards Officer Allan.  Based on Officer Allan's training and experience, this movement is consistent and indicative of a firearm being drawn and aimed in anticipation of firing.  Fearing that Salmon was going to shoot and kill him, Officer Allan fired one (1) shot striking Salmon.

- 6 -

**7)  DAMAGES:**

The plaintiff's economic expert values the loss of decedent's earning capacity at $671,118.00 to $736,740.  In addition, the plaintiff claims damages for decedent's pain and suffering, emotional distress and the loss of the enjoyment of life.  The decedent, Aquan Salmon, had a life expectancy of 53.5 years.  Plaintiff also seeks punitive damages and attorney's fees and costs.

**8)  TRIAL BY MAGISTRATE JUDGE:**

The parties object to a Magistrate Judge presiding at this trial.

**9)  LIST OF WITNESSES:**

**PLAINTIFF:**

1.  <u>Officer William Rivera</u>, Hartford Police Department
    Officer Rivera will testify that he was en route to the scene and as to the policies of the Hartford Police Department.  His testimony will take approximately 1 1/2 hours.

2.  <u>Officer Luis M. Poma</u>, Hartford Police Department
    Officer Poma will testify that he was en route to the scene and as to the policies of the Hartford Police Department.  His testimony will take approximately 1 1/2 hours.

3.  <u>Chief William P. Reilly</u>, Hartford Police Department
    Chief Reilly will testify as to the training received by Hartford Police Officers and the Policies and Procedures for Hartford Police Officers together with an explanation of the dispatch tape.  His testimony will take approximately 3 hours.

4.     <u>Michael Jiles</u>, Witness
       Mr. Jiles will testify that the decedent was surrendering at the time of
       being shot.  His testimony will take approximately 1 hour.

5.     <u>Orus Dawson</u>, Witness
       Mr. Dawson will testify that the decedent was surrendering at the time of
       being shot.  His testimony will take approximately 1 hour.

6.     <u>Malka P. Shah, M.D.</u>, Associate Medical Examiner, State of Connecticut
       Dr. Shah will testify as to the trajectory of the bullet as it passed through
       the decedent and that there were no illegal substances or alcohol found in
       the decedent.  Dr. Shah's testimony will take approximately 1 hour.

7.     <u>Robert K. O'Brien</u>, Lead Criminalist of the Forensic Science Laboratory,
       State of Connecticut, Department of Public Safety
       Mr. O'Brien will testify as to the trajectory of the bullet through the clothing
       and the distances between the decedent and the mussel of the gun.  Mr.
       O'Brien's testimony will take approximately 2 hours.

8.     <u>Kenneth Zercie</u>, Assistant Director-Identification/Administration for the
       Forensic Science Laboratory of the State of Connecticut, Department of
       Public Safety
       Mr. Zercie will testify as to the reconstruction of the shooting together with
       an explanation of video taken during the reconstruction.  He will also
       testify that, based on the trajectory of the bullet through the decedent's
       body, the decedent could not have had his arms in the position alleged by
       Officer Allan at the time of the shooting.  His testimony will take
       approximately 3 hours.

9.     <u>Dr. Henry Lee</u>
       Dr. Lee will testify as to the reconstruction of the shooting together with an
       explanation of video taken during the reconstruction.  His testimony will
       take approximately 3 hours.

**OBJECTION**:

To the extent that defendant is not aware what opinion is being provided by Dr. Lee nor if he is a retained expert, he is objected to.

10.    Leonard Territo, Ed. D., Plaintiff's Expert
Dr. Territo will testify that Officer Allan was negligent in disregarding Hartford Police Policies and Procedures, that Officer Allan overreacted in shooting the decedent and that the decedent did not move his arms as indicated by Officer Allan.  Dr. Territo's testimony will take approximately 1 day.

**OBJECTION**:

Defendant has filed a Motion to Preclude the testimony of Dr. Territo and the Court has not yet ruled upon same.

11.    Professor Ward S. Curran, Plaintiff's Expert Economist
Dr. Ward will testify that the economic value of the decedent's earning capacity is $671,118.00 to $736,740.00.  His testimony will take approximately 1 1/2 hours.

12.    Norma Watts, plaintiff and grandmother of the decedent, Aquan Salmon
Mrs. Watts will testify as to the family ties of the decedent and his artistic and other talents.  Her testimony will take approximately 2 hours.

13.    Sarah Neal
Ms. Neal will testify as to her observations at the time of the shooting.  Her testimony will take approximately 1 hour.

14.    Ellis Thomas
Mr. Thomas will testify as to his observations at the time of the shooting together with his personal knowledge of events prior to driving into the lot and immediately subsequent thereto.  His testimony will take approximately 2 hours.

15.     Robert Davis
        Mr. Davis will testify as to his observations at the time of the shooting.  His
        testimony will take approximately 1 hour.

16.     Dennis Faniel
        Mr. Faniel will testify as to his observations at the time of the shooting.
        His testimony will take approximately 1 hour.

17.     Luis Santiago
        Mr. Santiago will testify as to his observations at the time of the shooting.
        His testimony will take approximately 1 hour.

18.     Jeffrey Merritt
        Mr. Merritt will testify as to his observations at the time of the shooting.
        His testimony will take approximately 1 hour.

19.     Travis Hart
        Mr. Hart will testify as to his observations at the time of the shooting.  His
        testimony will take approximately 1 hour.

The plaintiff reserves the right to add additional witnesses upon notice to the
defendants.

**DEFENDANT:**

a.      **Officers**

        Officer Robert Allan, Hartford Police Department, 50 Jennings Road,
        Hartford, CT, will testify concerning his involvement in and knowledge of
        the subject incident, and the claims made in this lawsuit.  (Direct
        testimony, approximately 3 hours.)

        Officer Luis Poma, Hartford Police Department, 50 Jennings Road,
        Hartford, CT, will testify regarding his knowledge of the subject incident.
        (Direct testimony, approximately 1/2 hour.)

<u>Officer William Rivera</u>, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his knowledge of the subject incident. (Direct testimony, approximately 1/2 hour.)

<u>Officer Ursula Wiebusch</u>, Hartford Police Department, 50 Jennings Road, Hartford. CT, will testify regarding her knowledge of the subject incident and her involvement in providing medical care to Aquan Salmon.  (Direct testimony, approximately 1/2 hour.)

<u>Detective Jerry Bilbo</u>, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his knowledge of the subject incident, specifically the interviews conducted as part of the shooting investigation. (Direct testimony, approximately 3/4 of an hour.)

<u>Detective Paul Sherokow</u>, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his knowledge of the subject incident, specifically the interviews conducted as part of the shooting investigation. (Direct testimony, approximately 3/4 of an hour.)

<u>Sergeant Eddie Rivera</u>, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his involvement in the taking of the statement given by Ellis Thomas and witnessed by his grandmother. (Direct testimony, approximately ½ of an hour.)

<u>Detective Eddy Soto</u>, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his documentation of the crime scene, specifically, photography, measurements, video tape, and the collection of physical evidence.  (Direct examination, approximately 1 hour.)

<u>Detective Timothy Shaw</u>, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his involvement in the seizing of evidence and conducting gun shot residue tests on the occupants of the white Cadillac.  (Direct examination, approximately ½ hour.)

Detective Michael Gaffney, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his documentation of the scene by videotape.  (Direct Testimony, ½ hour.)

Detective Ralph Amador, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his involvement in the investigation of the subject incident, specifically interviews conducted and information obtained.  (Direct testimony, approximately ½ hour.)

Detective Juan Roman, Hartford Police Department, 50 Jennings Road in Hartford, CT, will testify regarding his involvement in the investigation of the subject incident, specifically interviews conducted and information obtained.  (Direct testimony, approximately ½ hour.)

Lieutenant Antonio Cancel, Hartford Police Department, 50 Jennings Road, Hartford, CT, will testify regarding his command role at the scene on the night of the subject incident.  (Direct testimony, approximately ½ hour.)

Lieutenant Joseph Sikora, 50 Jennings Road, Hartford, CT, will testify regarding the training that Officer Allan received regarding use of deadly force.  (Direct testimony, approximately 2 hours.)

Detective Marty Graham, Connecticut State Police, 1111 Country Club Road, Middletown, CT, will testify regarding the collection of seizing of physical evidence.  (Direct testimony, approximately 1 hour.)

**b.  Experts:**

Kenneth Zercie, Assistant Director, Department of Public Safety, State Police Forensic Laboratory, 278 Colony Street, Meriden, CT, will testify regarding the reconstruction and documentation of the shooting scene. (Direct testimony, approximately 3 hours.)

Dr. Henry Lee, Department of Public Safety, State Police Forensic Laboratory, 278 Colony Street, Meriden, CT, will testify regarding the

reconstruction and documentation of the shooting scene.  (Direct testimony, approximately 3 hours.)

Robert K. O'Brien, Supervising Criminalist, Department of Public Safety, State  Police Forensic Laboratory, 278 Colony Street, Meriden, CT, will testify regarding the reconstruction and documentation of the shooting scene, to include the examination of forensic evidence.  (Direct testimony, approximately 2 hours.)

Edward Jachimonwicz, Firearms Examiner, Department of Public Safety, State Police Forensic Laboratory, 278 Colony Street, Meriden, CT, will testify regarding the reconstruction and documentation of the shooting scene, to include the examination of forensic evidence.  (Direct testimony, approximately 1 hour.)

Dr. Malka B. Shah, Associate Medical Examiner, Office of the Chief Medical Examiner 11 Shuttle Road, Farmington, CT, will testify regarding evidence obtained during the autopsy of Aquan Salmon.  (Direct Testimony, approximately 1 hour.)

**c.   Witnesses:**

Paramedic Annetta O'Callaghan Ciesinski, American Medical Response, 55 Church Street, New Haven, CT, will testify as to her observations at the scene and her involvement in providing medical care to Aquan Salmon.  (Direct testimony, approximately ½ hour.)

Ellis Thomas, 162 Minnifield Street, Hartford, CT, will testify regarding his knowledge of the subject incident.  (Direct testimony, approximately 1 hour.)

Mrs. Ethel Lipscomb, grandmother of Ellis Thomas, 162 Minnifield Street, Hartford, CT, will testify regarding conversations that she had with her grandson, Ellis Thomas, as his statement was given at the Hartford Police Department.  (Direct testimony, approximately 3/4 hour.)

- 13 -

Paul Rose, 127 Irving Street, Hartford, CT, will testify regarding his knowledge of the subject incident.  (Direct testimony, approximately 3/4 hour.)

Robert C. Jordan, L.S., Connecticut Department of Transportation, Bureau of Engineering, 171 Salem Turnpike, P.O. Box 1007, Norwich, CT, will testify regarding the documentation of the scene by electronic surveyor equipment and the production of a scaled "Planimetric Map".

Custodian of Records, Department of Children and Families, 250 Hamilton Street, Hartford, CT, will testify regarding the authentication of Department case records. (Direct testimony approximately ½ of an hour.)

Custodian of Records, American Medical Response

Custodian of Records, Hartford Board of Education

Custodian of Records, St. Francis Hospital, 114 Woodland Street, Hartford, CT

The defendant reserves the right to add additional witnesses upon notice to the plaintiff, and to call any and all of the witnesses identified by the plaintiff.

10)    **EXHIBITS:**

　　　　**PLAINTIFF:**

1.　　　Certificate of Death for Aquan Salmon

2.　　　Hospital Report of Death

**OBJECTION**:　　　*To the extent that same contains hearsay.  Fed. R. Evid. 801, 802.*

3.　　　Office of the Chief Medical Examiner's Postmortem Report, including autopsy photos

4.　　　Office of the Chief Medical Examiner's Toxicology Report

5.　　　Settlement Stipulation re: <u>Maria Cintron, et al vs. Thomas Vaughan, et al</u> dated June 21, 1973

**OBJECTION**:　　　*Lack of relevance; immaterial; prejudicial effect and/or potential for confusion substantially outweighs probative value.  Fed. R. Evid. 401, 402, 403.  Hearsay.  Fed. R. Evid. 801, 802.*

6.　　　Hartford Police Department General Order 7-29 dated July 5, 1973

7.　　　Hartford Police Department General Order 1-20 dated November 18, 1988

8.　　　Hartford Police Academy Lesson Plan, April 28, 1994, Use of Cover

9.　　　Hartbeat - Dispatch Summary Records

10.　　　Transcript of Radio Transmissions of Hartford Police Department

11.　　　Hartford Police Department Dispatch Tape

12.　　　Slides Taken By The Connecticut State Police

13.　　　Life Expectancy Table

14.　　　Officer Allan's personnel file, including prior incidents of violence

**OBJECTION**:　　　*Lack of relevance; immaterial; prejudicial effect and/or potential for confusion substantially outweighs probative value.  Fed. R. Evid. 401, 402, 403.  Hearsay.  Fed. R. Evid. 801, 802.*

15.     2 lighter guns

16.     Mannequin with probes

17.     DOT scale drawing of scene

18.     State Police Reconstruction Report

19.     Video of re-enactment of shooting by Dr. Lee

20.     Hartford Police Department – Crime scene photos, reports, sketch maps, and video of scene

21.     Connecticut State Police – Crime scene photos, video of scene, crime  scene sketch, physical evidence (including decedent's clothing) and Officer Allan's gun and the bullet that killed the decedent

22.     Connecticut General Statute 53a-22

23.     Statements of Officer Robert Allan

24.     Photos, trophies, art and writings of the decedent, Aquan Salmon

**OBJECTION**:      *The parties have not exchanged a set of their respective exhibits.  Accordingly, an offer of the items and their content, referred to herein, may cause the defendant to have grounds to object based on lack of foundation; authenticity; lack of completeness; relevance; materiality; prejudicial effect outweighing probative value; and hearsay.  Fed. R. Evid. 106, 401, 402, 403, 801, 802.*

25.     A three dimension replica of the area where the chase and shooting took place.

**OBJECTION**:      *The defendant has not been provided with a copy of this three-dimension replica and is unaware of its existence.  Until defendant has had an opportunity to inspect or review the model, he reserves the right to object to its admissibility.*

The plaintiff reserves the right to add additional exhibits upon notice to the defendants.

   **DEFENDANT:**

1.      One (1) Butane pistol cigarette lighter color bronze with "YATAL" etched on the side.

2.      One (1) Butane pistol cigarette lighter color bronze with "SHAOPENG CHINA" written on the side.

3.      One (1) white tee-shirt "American Eagle", size L, worn by Aquan Salmon, or photograph taken.

4.      One (1) "Tommy Hilfiger" button down shirt with red stripes, long sleeve, size XL, worn by Aquan Salmon, or photograph taken.

5.      One (1) "Russell Athletic" black hooded sweat shirt, size XL, worn by Aquan Salmon, or photograph taken.

6.      One (1) "Nautica" jacket, colors red, white, blue, yellow and green, worn by Aquan Salmon, or photograph taken.

7.      One (1) Department of Probation Monitor ankle bracelet #468598

8.      State Police Forensic Science Laboratory Reconstruction Report dated May 21, 1999, ID-99-001213, which includes sixteen (16) pages of text and thirty-two (32) pages of photographs numbered 1 - 64.

9.      Draft statement of Michael Jiles taken by the Hartford Police Department on April 13, 1999, that Jiles refused to sign.

10.     Deposition transcript of Norma Watts.

11.     Deposition transcript of Ethel Lipscomb.

12.     Hartford Police Department Sketch Map of the shooting scene.

13.     Department of Transportation "Planimetric Map" of the shooting scene.

14.     Tape recordings and transcript of the Hartford Police Department radio transmissions occurring prior to and during the shooting.

15.     Animation illustrating on a 2-D level, from overhead, in support of Officer Allan's testimony, the positions of the vehicles and witnesses during the subject incident.

16.  Animation illustrating on a 3-D level, from the perspective of Officer Allan in support of his testimony what he observed during the subject incident.

17.  Photographs (2) that compare the butane pistol lighters to real handguns.

18.  Photographs of the white Cadillac

19.  Photographs depicting the position of the vehicles at the scene of the subject incident.

20.  Photographs depicting the surrounding of the area where the subject incident occurred.

21.  Photographs depicting the position of evidence that was located in the scene of the subject incident.

22.  Photographs depicting the view that was available for witnesses during the subject incident.

23.  Photographs depicting the entrance and exit wounds on Aquan Salmon taken at the autopsy.

24.  Video Tape depicting the scene of the subject incident taken by the Hartford Police Department.

25.  Video Tape depicting the reconstruction of the subject incident taken by the State Police Forensic Laboratory.

26.  Criminal/Juvenile referral(s) of decedent.


The defendant reserves the right to add additional exhibits upon notice to the plaintiff.

**(11)   TRIAL TO JURY:**

**Stipulation of Uncontroverted Facts:**

1)  At all times relevant to this case, the defendant, Officer Richard Allan,
was acting under color of law.

- 18 -

 **a.**  **Proposed Voir Dire Questions by the Plaintiff:**

  To be provided prior to trial.

 **b.**  **Proposed Voir Dire Questions by the Defendant:**

  To be provided prior to trial.

 **c.**  **Proposed Jury Instructions by the Plaintiff:**

  To be provided prior to trial.

 **d.**  **Proposed Jury Instructions by the Defendant:**

  To be provided prior to trial.

**12)** **EVIDENTIARY ISSUES:**

Defendant's Motion to Preclude the testimony of expert witness Leonard Territo has not been ruled on by the Court as of this date.

Plaintiff's Motion to Preclude the use of a computerized simulation of the shooting has not been ruled on by the Court.

PLAINTIFF:                                    DEFENDANT:
NORMA WATTS                                    ROBERT C. ALLAN


By_____                     By_____
Nicholas P. Cardwell                          James Szerejko
CARDWELL, CARDWELL                            HALLORAN & SAGE  LLP
  & SMORAGIEWICZ                              Fed. Bar #ct16075
Fed. Bar. #ct06373                            Eric P. Daigle
108 Oak Street                                Fed. Bar #ct23486
Hartford, CT 06106                            One Goodwin Square
(860)278-6370                                 Hartford, CT 06103
                                              (860) 522-6103
Joseph A. Moniz, Esq.
100 Allyn Street
Hartford, CT 06103
(860) 278-0200
Fed Bar # ct04316

## <u>CERTIFICATION</u>

This is to certify that on this 5th day of May, 2004, I hereby mailed a copy of the foregoing to:

Joseph A. Moniz, Esq.
100 Allyn Street
Hartford, CT 06103

Nicholas P. Cardwell, Esq.
CARDWELL, CARDWELL
  & SMORAGIEWICZ
108 Oak Street
Hartford, CT 06106

_____
James Szerejko

46423.1(HS-FP)

- 21 -