UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMA WATTS, In her Individual | : | CIVIL ACTION NO. |
| Capacity and as Administratrix of | : | 3:00-CV-0681 (RNC) |
| the Estate of AQUAN SALMON | : | |
| | : | |
| V. | : | |
| | : | |
| CITY OF HARTFORD, ET AL. | : | MAY 19, 2004 |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO THE PLAINTIFF'S MOTION FOR RECONSIDERATION

The defendants, the City of Hartford, Police Chief Joseph F. Croughwell (Ret.), and Officer Robert C. Allan, submit this memorandum of law in opposition to the plaintiff's motion for reconsideration dated April 14, 2004.  In sum, the plaintiff's motion is no more than an effort to relitigate issues addressed by the court in its Ruling and Order dated March 31, 2004 and should be rejected as such under the standard of review which governs motions for reconsideration.  Thus, to the extent necessary, the court is respectfully referred to the defendants' March 7, 2003 initial brief and April 24, 2003 reply brief in support of their motion for summary judgment.  (Docket Entry Nos. 99, 107)  Those briefs are incorporated by reference.  For the reasons set forth below and in the defendants' original briefs, the court should deny the plaintiff's motion and adhere to its ruling.

### STANDARD OF REVIEW

The standard for granting a motion for reconsideration is "strict." Mercer v. Brunt, 304 F. Supp. 2d 334, 335 (D. Conn. 2004).  See Shrader v. CSX Transp., Inc., 70 F.3d

05645.0555

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

255, 257 (2d Cir. 1995); Travelers Prop. & Cas. Corp. v. General Elec. Co., 150 F. Supp. 2d 360, 368 n.5 (D. Conn. 2001) ("difficult standard" governs motions for reconsideration under Local Rules); Gold v Dalkon Shield Claimants Trust, 1998 WL 422900, at *2 (D. Conn. July 16, 1998) ("heavy burden"), aff'd 189 F.3d 460 (2d Cir. 1999). It is well established that the function of a motion for reconsideration is to present the court with an opportunity to correct "manifest errors of law or fact or to consider newly discovered evidence." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993), aff'd 33 F.3d 50 (2d Cir. 1994). A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the initial motion at issue. Id. at 877. Moreover, a motion for reconsideration should not serve as a vehicle for relitigating issues already decided. St. George v. Inline Plastics Corp., 2000 WL 303260, at *1 (D. Conn. Feb. 14, 2000). Nor may such a motion "be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Id. See Shrader, 70 F.3d at 257 ("a motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."); LoSacco, 822 F. Supp. at 877.

Thus, a motion for reconsideration is not simply a "second bite at the apple" for a party dissatisfied with a court's ruling. See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); Weinstock v. Wilk, 2004 WL 367618, at *1 (D. Conn. Feb. 25, 2004). Accordingly, "[r]econsideration 'will generally be denied unless the moving party can point

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" Shrader, 70 F.3d at 257.

## ARGUMENT

### I. THE PLAINTIFF'S ARGUMENTS ARE WITHOUT MERIT

The plaintiff's motion seeks reconsideration of only the dismissal of her failure-to-supervise/failure-to-discipline claim. (Pl.'s 4/14/04 Mem. at 6) She advances six evidentiary claims in support of her motion. She also relies on a legal theory which is contradictory to the standard applied by the court in its Ruling and Order. As demonstrated below, the plaintiff's claims and the legal theory underlying those claims are without merit.

#### A. The Legal Theory Underlying The Plaintiff's Motion Is Without Merit

At the outset, the argument underlying the plaintiff's motion is that the court's conclusions on the nature of the evidence that she had to produce in order to sustain her failure-to-supervise/failure-to-discipline claim were mistaken. (Pl.'s Mem. at 10) In its March 31, 2004 Ruling and Order, the court recognized that in order to establish her claim, the plaintiff had to "provide evidence from which a reasonable juror could conclude that, before the shooting at issue here, the City's response to citizen complaints of police brutality demonstrated a policy of negligent supervision that rose to the level of deliberate indifference to officers' use of deadly force in violation of constitutional rights." (3/31/04

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Ruling and Order, at 11-12 (citing cases))  Moreover, the plaintiff had to "provide evidence that this repeated failure to discipline other officers was closely related to and actually caused Allan's shooting of plaintiff's decedent."  (Id. at 12 (citing cases))  Based on its analysis of the evidence produced by the plaintiff, the court held that she had failed to satisfy the requisite standard and that summary judgment was appropriate.  (Id.)

As part of its analysis, the court found that the plaintiff had offered evidence which, at most, suggested that there were deficiencies in the citizen complaint process and a perceived lack of discipline.  (Id. at 13)  The court held, however, that "[a] general policy of lax discipline, assuming it could be proven, d[id] not demonstrate deliberate indifference to serious misconduct rising to the level of unconstitutional acts."  (Id. at 13-14) (citing cases)).

By contrast, the plaintiff maintains that "[w]hile proof of failure [to discipline or supervise] the officer in question is helpful in establishing that the failure to discipline 'was closely related to and actually caused' the misconduct in question, it is not essential to have such proof to link the pattern or practice to the unconstitutional conduct at issue." (Pl.'s Mem. at 10)  In support of her argument, the plaintiff cites Walker v. City of New York, 974 F.2d 293, 296 (2d Cir. 1992).  A review of Walker, as well as Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999) and Carnegie v. Miller, 811 F. Supp. 907 (S.D.N.Y. 1993), the two other cases cited on page 10 of the plaintiff's memorandum of law, reveals that they do not support the plaintiff's claim.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Walker, which is primarily a failure-to-train case, does not contain the holding on which the plaintiff bases her claims. In Walker, the Second Circuit recognized that there were three requirements that had to be met before a municipality's failure to train or supervise constitutes deliberate indifference to the constitutional rights of citizens. 974 F.2d at 297. First, the plaintiff must show that a policymaker knows "'to a moral certainty'" that his employees will confront a given situation. Id. Thus, a policymaker does not exhibit deliberate indifference by failing to train employees for rare and unforeseen events. Id. Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation. Id. Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights. Id. at 298.

The Walker court held that the plaintiff had properly alleged that a particular municipal action - the failure to train and supervise prosecutors to insure that they meet their constitutional obligation to turn over exculpatory material to the defense - "caused his injuries." Id. at 301. Thus, Walker does not excuse a plaintiff from producing evidence that the failure-to-supervise actually caused the plaintiff's constitutional injury. To the contrary, Walker found that the allegations before it were sufficient because the municipal action had, in fact, caused the plaintiff's injuries.

Similarly, in Thomas, the Second Circuit affirmed the granting of summary

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

judgment because the plaintiff's "evidence was not sufficient to show that the City of Bridgeport had a policy of deliberate indifference that led to his injuries." 165 F.3d at 145. In <u>Carnegie</u>, the court granted summary judgment because the plaintiff had "failed to meet his burden of coming forward with specific facts showing that there is ... a 'policy or custom' ... responsible for the constitutional deprivations he has alleged." 811 F. Supp. at 913.

Thus, contrary to the plaintiff's argument, the court's conclusion on the nature of the evidence that the plaintiff had to produce in order to establish her claim was correct. The plaintiff failed to satisfy the requisite standard of proof and summary judgment was, therefore, properly entered. The applicable law was not misinterpreted, nor misapplied.

**B.    The First Claim**

For her first claim, the plaintiff contends that the court "overlooked in its entirety" the consent decree in <u>Cintron v. Vaughn</u>, 3:69-CV-13578 (D. Conn. July 21, 1973). (Pl.'s Mem. at 11) The plaintiff maintains that under the consent decree a Firearms Discharge Review Board ("FDRB") was established to investigate all discharges of firearms by HPD officers. (<u>Id.</u>) She further maintains that on March 21, 1996 Chief Croughwell amended HPD Policy and Procedure 1-21 to "eliminat[e] the role of the [FDRB], and essentially abdicate [the] HPD's role in investigating shooting, causing physical injuries or death, to the State's Attorney's Office." (<u>Id.</u> at 12) The plaintiff then quotes a portion of Judge Ellen Burns' March 15, 2000 Ruling denying a motion to intervene in the <u>Cintron</u> case. (<u>Id.</u>)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The plaintiff concludes that this evidence was "consistent with the refusals on [Chief Croughwell's] part to comply with the Civilian Review Board's investigations of police misconduct from the beginning of his tenure as chief." (Pl.'s Mem. at 13)

At the outset, the plaintiff's claim is based on an improper attempt to introduce new or additional evidence which, although available to the plaintiff, was not submitted to the court in connection with the initial motion pleadings. The 1986 HPD order, the 1996 amendment and Judge Burns' Ruling were not submitted by the plaintiff as part of her opposition to the motion for summary judgment. (See Pl.'s 3/28/03 Mem. of Law and Exhibits A-J attached thereto) Nor did the plaintiff refer to them in her opposition memorandum of law dated March 28, 2003. The plaintiff's attempt to introduce them, for the first time, as part of a motion for reconsideration, is inappropriate under the standard of review. LoSacco, 822 F. Supp. at 877. Accordingly, the court should reject the plaintiff's first claim on this ground alone.

To the extent that the court chooses to consider the plaintiff's first claim, it will find the plaintiff's reliance on this new evidence to be misplaced. As the plaintiff concedes, she relies on the three new exhibits because they are "consistent with the refusals on [Chief Croughwell's] part to comply with the Civilian Review Board's investigations. ..." (Pl.'s 4/14/04 Mem. at 13) Thus, the three new exhibits add nothing to the analysis that the court has previously engaged in as part of its Ruling and Order. They are merely, once again, an attempt to relitigate an issue previously addressed by the court, and the

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

claim should be rejected.  See Sequa Corp., 156 F.3d at 144; Shrader, 70 F.3d at 257; St. George, 2000 WL 303260, at *1.

    **C.  The Second Claim**

Second, the plaintiff claims that the court overlooked "some key points" in the 1994 Review Board Report.  (Pl.'s Mem. at 13)  Specifically, she identifies those points as the report's notation that: (1) Chief Croughwell refused to provide specific disciplinary outcome data despite the Corporation Counsel's findings which supported the release of such data; (2) complainants were harassed by the HPD; (3) complainants were told by IAD investigators that their complaints were not believable; (4) delays in processing complaints being attributable to Chief Croughwell's resistance; (5) Chief Croughwell's failing to report disciplinary action against an officer whom former Chief Campbell sustained a charge of excessive force against; (6) "the complainants specifically and the public in general realiz[ing] that the Chief either cannot or will not demand restraint and civility from individual police officers;" and (7) as a result of the Chief's failure in this regard, HPD officers consistently refused to participate in hearings and insulted, jeered and threatened citizens and board members at hearings.  (Pl.'s Mem. at 13-15)  The plaintiff contends that there could be no more convincing evidence to demonstrate Chief Croughwell's failure to supervise and/or discipline officers.  (Id. at 15)

The plaintiff's second claim is misplaced.  The plaintiff's statement notwithstanding, the court did not overlook any portion of the 1994 Report.  Specifically, the court

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

addressed the Report at page 7 of its Ruling and Order. The court acknowledged that the Report had indicated that Chief Croughwell "frequently rejected complaints against officers that the Board thought should be sustained, and undermined the effectiveness of the Board in a number of other ways." (3/31/04 Ruling and Order, at 7 (footnotes omitted)) In footnotes 3 through 5 of its Ruling and Order, the court discussed the contents of the Report in detail. The court's discussion and analysis of the Report address the very same items that the plaintiff maintains were overlooked. Thus, the plaintiff's second claim is no more than an attempt to relitigate the motion for summary judgment and should be rejected as such. See Sequa Corp., 156 F.3d at 144; Shrader, 70 F.3d at 257; St. George, 2000 WL 303260, at *1.

### D.     The Third Claim

For her third claim, the plaintiff argues that the Buracker Report's suggestion that there were deficiencies in the citizen complaint process and a perceived lack of discipline leads to a conclusion that evidence would be forthcoming on the issue of Chief Croughwell's continued failure to discipline officers. (Pl.'s Mem. at 15) The plaintiff's third claim is no more than a conclusory statement and should be rejected as such. Moreover, the plaintiff's third claim is an attempt to relitigate a matter previously considered by the court. Specifically, the court expressly indicated that it had consulted the Buracker Report "to determine whether there are facts plaintiff could prove through competent evidence to support a verdict in her favor." (3/31/04 Ruling and Order, at 10) Accordingly, under the

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

standard governing motions for reconsideration, the court should reject the plaintiff's third claim.  See Sequa Corp., 156 F.3d at 144; Shrader, 70 F.3d at 257; St. George, 2000 WL 303260, at *1.

### E. The Fourth Claim

For her Fourth claim, the plaintiff argues that a reference in a statement by a civilian member of the FDRB to a statistic that since January 1999, 80-100 citizen complaints remained in existence is admissible and is "consistent with the evidence previously cited regarding Chief Croughwell's failure to investigate complaints against HPD officers." (Pl.'s Mem. at 16)  The plaintiff's claim is without merit.

The plaintiff's fourth claim fails to address the fact that she had offered no response to the evidentiary objections (hearsay and little or no probative value) to the consideration of the statement.  (3/31/04 Ruling and Order, at 9)  On reconsideration, the plaintiff continues to ignore the fact that the statement is inadmissible.  Nonetheless, her reliance on the statement is limited to pointing out that it is consistent with other evidence before the court.  As such, it is yet another attempt to relitigate a matter previously addressed by the court and does not provide a basis for reconsideration.  See Sequa Corp., 156 F.3d at 144; Shrader, 70 F.3d at 257; St. George, 2000 WL 303260, at *1.

### F. The Fifth Claim

For her fifth claim, the plaintiff maintains that with regard to the complaints against Officer Allan, the "evidence presents a strong inference that complainants were harassed

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

into withdrawing complaints ... ." (Pl.'s Mem. at 16)  The plaintiff's fifth claim is another attempt to raise an argument for the first time in a motion for reconsideration.  A review of the plaintiff's opposition memorandum of law dated March 28, 2003 reveals no argument that an inference should be drawn that complaints against Officer Allan were withdrawn because the individuals making them were harassed.  Thus, the court should not consider this argument for the first time in the context of a motion for reconsideration.  LoSacco, 822 F. Supp. at 877.

      To the extent that the court chooses to consider the plaintiff's fifth claim, it will find it to be without merit.  As the court recognized in its Ruling and Order, the defendants offered evidence that two of the complaints against Officer Allan were withdrawn.  (3/31/04 Ruling and Order at 9 n.7)  The plaintiff offers no evidence to the contrary but rather, asks for an inference that the withdrawals were coerced.  The plaintiff has supplied no evidentiary basis for this statement.  See McCoy v. Harrison, 341 F.3d 600, 604 (7th Cir. 2003)(in ruling on a motion for summary judgment, a court does not draw every conceivable inference from the record.  Id.  Inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion.  Id.).  Her sole basis for the requested inference is four or five year old, unsubstantiated allegations of incidents where other unidentified complainants were harassed.  The drawing of such an inference is inappropriate, not only from this evidentiary perspective, but also because it would possibly impose municipal liability under circumstances where no wrong could be ascribed

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to municipal decision makers. See City of Oklahoma v. Tuttle, 471 U.S. 808, 821 (1985). It would also possibly impose municipal liability based on alleged wrongdoings which are remote in time and which have nothing to do with the underlying incident at issue. Moreover, the drawing of such an inference would be inconsistent with the court's previous recognition that the plaintiff must produce direct evidence related to the incident at issue. (3/31/04 Ruling and Order, at 12-14; id. at 14 n.12)

### G.    The Sixth Claim

For her final claim, the plaintiff maintains that with regard to the one complaint against Officer Allan which was considered by the court, the categorization of the complaint as "'poor judgment' demeans the entire purpose of the Civilian Review Board and exhibits a departmental attitude of disregarding investigations and discipline of police use of excessive force." (Pl.'s Mem. at 16-17)

The plaintiff's final claim is a conclusory statement and should be rejected as such. Moreover, the plaintiff's final claim is an attempt to relitigate a matter previously considered by the court. Specifically, as part of its Ruling and Order, the court acknowledged that viewing the plaintiff's evidence in the most favorable light to her, suggested that there exist deficiencies in the citizen complaint process, but that there was no basis for a reasonable jury to conclude that Officer Allan had a propensity for violence and was likely to use deadly force improperly. (3/31/04 Ruling and Order, at 13-14) Thus, the plaintiff's final claim is no more than an attempt to relitigate a matter previously

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

addressed by the court and does not provide a basis for reconsideration.  See Sequa Corp., 156 F.3d at 144; Shrader, 70 F.3d at 257; St. George, 2000 WL 303260, at *1.

## II. THE PLAINTIFF HAS NOT CHALLENGED THE COURT'S FINDING THAT CHIEF CROUGHWELL WAS NOT PERSONALLY INVOLVED

The plaintiff's motion for reconsideration does not challenge the court's holding that Chief Croughwell could not be held individually liable because there was no evidence from which a jury could find a casual connection between some action or inaction on his part and the incident in question.  (3/31/04 Ruling and Order, at 14 (citing Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002))  Accordingly, this aspect of the court's decision is not at issue.

## III. THE PLAINTIFF'S MOTION FAILS TO ADDRESS CHIEF CROUGHWELL'S QUALIFIED IMMUNITY DEFENSE

To the extent that the plaintiff maintains that she has challenged the court's finding that Chief Croughwell cannot be held liable, her motion for reconsideration fails to address Chief Croughwell's qualified immunity defense.  As demonstrated in the defendants' initial and reply briefs, Chief Croughwell is entitled to qualified immunity.

Qualified immunity is a "judicially-created" doctrine designed to allow public officials "some breathing space in the performance of their duties."  Magnotti v. Kuntz, 918 F.2d 364, 365 (2d Cir. 1990).  Public officials are shielded from personal liability "insofar as their conduct does not violate clearly established statutory or civil rights which a reasonable person would have known," Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), or insofar as it

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

was objectively reasonable to them to believe that their acts did not violate those rights. Anderson v. Creighton, 483 U.S. 635, 638 (1987). See Ehrlich v. Town of Glastonbury, 348 F.3d 48 (2d Cir. 2003) The question of qualified immunity is an issue to be decided as a matter of law by the court. Warren v. Dwyer, 906 F.2d 70, 76 (2d Cir. 1990). It is solely within the province of the court to determine whether a public official should have known he or she has acted unlawfully. Id. A right is clearly established when "the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, 483 U.S. at 639-40. The Second Circuit has established a two-part test in addressing the qualified immunity defense, after a determination of whether a constitutional right existed. Ehrlich, 348 F.3d at 55. In Krause v. Bennett, the Second Circuit concluded that a public official may:

> establish a right to qualified immunity by showing that it was not clear at the time of the official act that the interest asserted by the plaintiff was protected by a Federal Statute or the Constitution or that it was not clear at the time of the acts at issue that an exception did not permit these acts and that it was objectively reasonable for the official to believe that his acts did not violate plaintiff's rights.

887 F. 2d 362, 368 (2d Cir. 1989). Government officials are not liable for "bad guesses in gray areas; they are liable for transgressing bright lines." Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992). Moreover, in order to pierce Croughwell's shield of immunity as a supervisor, the court must find that not only did Officer Allan violate clearly established law, but that the "supervisory liability doctrine under which the plaintiff seeks to hold the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

supervisor liable must be clearly established." Poe v. Leonard, 282 F.3d 123, 126 (2d Cir. 2002).

The plaintiff has not produced specific evidence in support of her claim against Chief Croughwell. Without specific evidence that would support a claim of constitutional liability, Chief Croughwell is effectively stripped of his immunity defense. "A supervisor may not be held liable under Section 1983 merely because his subordinate committed a constitutional tort." Id. at 140. Supervisory liability does not attach for the mere failure to act and must be predicated on something more than a passive role in the alleged violation and more than a showing of mere tacit approval of the subordinate's conduct. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999). Rather, liability may attach to a supervisor only if in supervising the subordinate, the supervisor "exhibited gross negligence or deliberate indifference to a high risk that [the subordinate] would violate [the plaintiff's] constitutional rights, and [the supervisor's] neglect cause [the subordinate] to violate [the plaintiff's] rights. Poe, 282 F.3d at 140.[1/] "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and thus do not divest the official of qualified immunity." Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 219 (5th Cir. 1998).

---

1/    "Gross negligence" has been equated with "recklessness" and has been defined as that type of conduct which create "a high degree of risk of physical harm to another and deliberately acts or fails to act in conscious disregard or indifference to that risk." Poe, 282 F.2d at 140.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In the present case, the plaintiff fails to offer any evidence which would allow the court to determine if there was a clearly established right to which the plaintiff is entitled or whether the Chief's actions were objectively reasonable in view of the circumstances. On the contrary, the plaintiff has failed to identify what policy should have been promulgated, or what level or type of training or supervision was required, and how the failure to do so demonstrates the lack of objective reasonableness by Chief Croughwell. The plaintiff's claims against Chief Croughwell are, therefore, unsubstantiated and cannot defeat his qualified immunity defense. Accordingly, if the court finds it necessary to reach this issue, it should grant Chief Croughwell summary judgment on this ground.

## CONCLUSION

For the foregoing reasons, the court should deny the plaintiff's motion and adhere to its Ruling and Order dated March 31, 2004. To the extent necessary, the court should grant Chief Croughwell qualified immunity.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

        **THE DEFENDANTS:**
        **ROBERT C. ALLAN;**
        **JOSEPH CROUGHWELL; AND**
        **CITY OF HARTFORD**


BY _____
    James J. Szerejko
    Fed. Bar # ct 04326
    Eric P. Daigle
    Fed. Bar # ct 23486
    **HALLORAN & SAGE LLP**
    One Goodwin Square
    225 Asylum Street
    Hartford, CT  06103
    (860) 522-6103
    szerejko@halloran-sage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**CERTIFICATION**

      This is to certify that on this 19th day of May 2004, I hereby mailed a copy of the foregoing to:

Nicholas P. Cardwell, Esq.
CARDWELL, CARDWELL & SMORAGIEWICZ
108 Oak Street
Hartford, CT 06106

Joseph A. Moniz, Esq.
MONIZ, COOPER & McCANN
100 Allyn Street
Hartford, CT 06103


                                              James J. Szerejko

543995.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105