UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORMA WATTS, In her Individual | : | CIVIL ACTION NO. |
| Capacity and as Administratrix of | : | 3:00CV0681 (RNC) |
| the Estate of AQUAN SALMON | : | |
| | : | |
| V. | : | |
| | : | |
| CITY OF HARTFORD; POLICE | : | |
| DEPARTMENT OF THE CITY OF | : | |
| HARTFORD; JOSEPH F. | : | |
| CROUGHWELL, Individually and | : | |
| in his Official Capacity as Chief of Police | : | |
| of the City of Hartford; | : | |
| OFFICER ROBERT C. ALLAN, | : | |
| Individually and in his Official Capacity | : | |
| as a Hartford Police Officer | : | MAY 24, 2004 |

## JOINT RULE 16(c) REPORT

(1)   FORMULATION AND SIMPLIFICATION OF THE ISSUES

   Not applicable.

(2)   NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS

   The parties do not anticipate further amendments to the pleadings, subject to the Court's ruling on plaintiff's Motion to Reconsider Summary Judgment.

(3)   POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS TO AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING THE AUTHENTICITY OF DOCUMENTS, AND ADVANCE RULINGS FROM THE COURT ON THE ADMISSIBILITY OF EVIDENCE

   Not applicable at this time.

(4) <u>AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE, AND LIMITATIONS OR RESTRICTIONS ON THE USE OF TESTIMONY UNDER RULE 702 OF THE FEDERAL RULES OF EVIDENCE</u>

Not applicable at this time.

(5) <u>APPROPRIATENESS AND TIMING OF SUMMARY ADJUDICATION</u>

The Court on March 31, 2004 ruled on the defendants Motion for Summary Judgment finding in favor of the Defendants City of Hartford and Chief Croughwell. The plaintiff's have filed a Motion for Reconsideration and the defendants have opposed same.

(6) <u>CONTROL AND SCHEDULING OF DISCOVERY</u>

Not Applicable since discovery is complete.

(7) <u>IDENTIFICATION OF WITNESSES AND DOCUMENTS, THE NEED AND SCHEDULE FOR FILING AND EXCHANGING PRETRIAL BRIEFS, AND THE DATE OR DATES FOR FURTHER CONFERENCE AND FOR TRIAL</u>

The parties conferred and filed a Joint Trial memorandum on May 5, 2004. Supplemental witnesses and exhibits are anticipated by both parties and each party reserves the right to object at that time.

(8) <u>ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER</u>

The parties are continuing settlement discussions with Magistrate Judge Smilth.

(9) <u>SETTLEMENT AND USE OF SPECIAL PROCEDURES TO ASSIST IN RESOLVING THE DISPUTE</u>

Settlement discussions between counsel are ongoing. See paragraph 8, *supra*.

(10) <u>FORM AND SUBSTANCE OF THE PRETRIAL ORDER</u>

The parties are presently complying with the Court's order regarding the case management plan.

(11)  DISPOSITION OF PENDING MOTIONS

There are motions pending in this matter.

Pending before the Court is defendant's Motion to Preclude the testimony of plaintiff's expert witness Leonard Territto.

Pending before the Court is plaintiff's Motion to Preclude the use of computer simulation of the shooting.

The plaintiff has filed a Motion for Reconsideration of this Court's Ruling and Order, granting defendant's Motion for Summary Judgment. Defendant has filed a Memorandum of Law in Opposition to said Motion.

The plaintiff intends to file Motions In Limine regarding the admission of certain evidence.

The defendant intends to file Motions In Limine regarding the admission of certain evidence.

(12)  NEED FOR ADOPTING SPECIAL PROCEDURES FOR MANAGING POTENTIALLY DIFFICULT OR PROTRACTED ACTIONS

Not applicable.

(13)  ORDER FOR SEPARATE TRIALS

The Court has granted the defendants' Motion to Bifurcate the issue of punitive damages from compensatory damages for a more equitable and economic presentation of the evidence at the time of trial.

(14) <u>ORDER DIRECTING PARTIES TO PRESENT EVIDENCE EARLY IN THE TRIAL WITH RESPECT TO A MANAGEABLE ISSUE THAT COULD BE THE BASIS FOR A JUDGMENT AS A MATTER OF LAW</u>

Does not appear to be applicable at the present time, although the defendant's defense of qualified immunity could be decided by the Court as a matter of law.

(15) <u>ORDER ESTABLISHING A REASONABLE LIMIT ON THE TIME ALLOWED FOR PRESENTING EVIDENCE</u>

Not applicable.

(16) <u>SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY, AND INEXPENSIVE DISPOSITION OF THE ACTION</u>

None at this time.

| PLAINTIFF: | DEFENDANT: |
|---|---|
| NORMA WATTS | ROBERT C. ALLAN |

By_____  
Nicholas P. Cardwell  
CARDWELL, CARDWELL  
 & SMORAGIEWICZ  
Fed. Bar. #ct06373  
108 Oak Street  
Hartford, CT 06106  
(860)278-6370  

Joseph A. Moniz, Esq.  
Fed, Bar. #04316  
100 Allyn Street  
Hartford, CT 06103  
(860) 278-0200  
Fed Bar # ct04316  

By_____  
James Szerejko  
HALLORAN & SAGE  LLP  
Fed. Bar #ct04326  
Eric P. Daigle  
Fed. Bar #ct23486  
One Goodwin Square  
Hartford, CT 06103  
(860) 522-6103

## **CERTIFICATION**

This is to certify that on this 24th day of May, 2004, I hereby mailed a copy of the foregoing to:

Joseph A. Moniz, Esq.
100 Allyn Street
Hartford, CT 06

_____
James Szerejko

544668.1(HS-FP)

- 7 -